UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLORTYME, INC., and
COLORTYME FINANCE, INC.,

    Plaintiffs,

v.

GRACE RENTALS, INC., and
GARY D. MOORE,

    Defendants.
_____/

Case No. 12-12338

Hon. John Corbett O'Meara

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Before the court is Plaintiffs' motion for summary judgment as to Counts VI, VII, VIII, IX, and XI of the complaint, filed May 1, 2014. Defendants filed an untimely response on June 4, 2014, and, subsequently, a motion for an extension of time to file the response. Seeing no undue prejudice to Plaintiffs, the court will grant Defendants' motion and consider their response.

### BACKGROUND FACTS

Defendant Grace Rentals, Inc., through its principal, Defendant Gary Moore, operated a ColorTyme "rent to own" franchise store in Flint, Michigan.

Defendants entered into various agreements with Plaintiffs ColorTyme, Inc., and ColorTyme Finance, Inc. ("ColorTyme"), including a Franchise Agreement. Defendants also obtained a line of credit for the store through Citibank in the amount of approximately $225,000 ("the Note").

In 2012, Grace was in default under the Franchise Agreement, having failed to pay certain royalty fees, and in default under the Note. ColorTyme terminated the Franchise Agreement. In addition, pursuant to an agreement with Citibank, ColorTyme Finance paid Grace's indebtedness under the Note in the amount of $226,802.55.

Plaintiffs filed this action seeking, among other relief, unpaid royalties and late fees under the Franchise Agreement (in the amount of approximately $15,000), the amount it paid under the Note and guaranty ($226,802.55), and attorney's fees (now $51,506.91). Shortly after this action was filed, Defendants filed for bankruptcy. This case was administratively closed during the bankruptcy proceedings. The bankruptcy case was dismissed on August 1, 2013.

On August 2, 2013, the parties entered into a stipulated order to reopen this case. In that order, Defendants agreed "to surrender the Collateral defined as accounts, chattel paper, deposit accounts, documents, equipment, general intangibles, instruments, inventory and letter of credit rights as well as proceeds

therefrom, to Plaintiffs on August 5, 2013." The parties further agreed that "Plaintiffs shall apply the net proceeds from the liquidation of the Collateral to the outstanding balance owed to ColorTyme Finance, Inc." See Docket No. 14.

## LAW AND ANALYSIS

Plaintiffs seek summary judgment, contending that they are entitled to relief under the Franchise Agreement and Note. Plaintiffs state that, after giving a credit of $178,602.35 for the collateral, they are entitled to the remaining balance of $104,122.12 under the Note. Plaintiffs further contend that they are due $15,589.24 in unpaid royalties and late fees under the Franchise Agreement and $51,506.91 in attorney's fees and costs.

Defendants do not dispute liability to Plaintiffs under the Note or Franchise Agreement. Nor do Defendants appear to dispute that they owe $15,589.24 in unpaid royalties and late fees under the Franchise Agreement. Defendants do dispute the total amount of indebtedness ($282,724.47) Plaintiffs are seeking under the Note, which is larger – presumably due to interest – than the balance due under the note as of May 2012 ($226,804.22). Plaintiffs do not explain how they calculated the total indebtedness. The court agrees that Plaintiffs must justify the total amount of the debt they are seeking, by providing interest calculations or other appropriate factual and/or legal support.

Defendants also dispute that Plaintiffs properly calculated and credited them for the liquidation of the collateral.  Plaintiffs applied a credit of $178,602.35, which they calculated under section 14.8 of the Franchise Agreement.  This section of the Franchise Agreement provides:

> [Upon termination or expiration of the agreement],Company shall have the right (but not the obligation) to acquire all customer accounts an/or other accounts receivable associated with any products, supplies and inventory associated with the Store, as well as the inventory which is subject to such accounts, at a price equal to 5 times the average monthly "Adjusted Revenue" applicable to such accounts/account receivable and received in the prior 3 completed months as evidenced by reports generated from Franchisee's point-of-sale system. . . . If Company elects to exercise any option to purchase herein provided, closing shall take place within 45 days after the Company's notice of intent to purchase has been furnished to Franchisee.

Pls.' Ex. A. at § 14.8.  Plaintiffs used the formula of "5 times the average monthly 'Adjusted Revenue'" to arrive at the credit of $178,602.35 for the collateral.  Plaintiffs have not liquidated or otherwise provided a fair market valuation of the collateral.  Defendants contend that the bulk of the collateral assets are accounts receivable with a total balance in the amount of approximately $400,000.  Defendants contend that "88-90 percent" of these accounts are collectible and that many of them have ongoing payment obligations.  Defendants maintain that the actual value of the assets surrendered, including physical assets, should be applied

to the debt.

Plaintiffs have not met their burden of establishing that the amount of credit applied to the debt is limited by the formula set forth in section 14.8 of the Franchise Agreement.  Like any plaintiff in a breach of contract case, Plaintiffs are obligated to mitigate their damages.  Further, the stipulated order entered by the court on August 14, 2013, provides: "The parties agree that the Plaintiffs shall apply the net proceeds from the liquidation of the Collateral to the outstanding balance owed to ColorTyme Finance, Inc." Plaintiffs have not liquidated the collateral and have not provided an accounting as to the net proceeds.

Plaintiffs have neither established the total amount of the indebtedness nor the amount of credit as a result of the sale of the collateral.  Accordingly, Plaintiffs have not met their burden of showing that there is no genuine issue of material fact regarding their damages.

Defendants also dispute the amount of attorney's fees sought by Plaintiffs.  Although Plaintiff have submitted an affidavit from counsel, they have not provided billing records in support of their request.  Billing records are necessary so that the court may assess the reasonableness of the requested fees.  Accordingly, Plaintiffs have not sufficiently supported their request for fees and costs.

**ORDER**

IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment is GRANTED IN PART with respect to liability and DENIED IN PART with respect to damages, consistent with this opinion and order.

IT IS FURTHER ORDERED that Defendants' motion for extension of time to file response is GRANTED.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  July 9, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 9, 2014, using the ECF system.

                                        s/William Barkholz
                                        Case Manager